## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSEL WILLIAMS HOME SERVICES LLC, | : | CIVIL ACTION NO. 1:25-CV-1665 |
| | : | |
| | : | **(Judge Neary)** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MINLEON INTERNATIONAL (USA) | : | |
| LIMITED LLC, MINLEON GROUP | : | |
| LTD, and HOLIDAY LIGHTING | : | |
| MANAGEMENT, LLC, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Russel Williams Home Services LLC ("Russel Williams") seeks a temporary restraining order ("TRO") enjoining defendants Minleon International (USA) Limited LLC, Minleon Group Ltd, and Holiday Lighting, Management, LLC (collectively "Minleon") from selling their V1 and V2 holiday light clips. Russel Williams alleges the V1 and V2 clips infringe on a patent ("the '347 Patent") it holds. However, a TRO is extraordinary relief and, reviewing the record here, such relief is not warranted. Accordingly, the motion for a TRO will be denied.

### I.  Factual Background & Procedural History

Russel Williams and Minleon are two of the largest players in the holiday clip market. (Doc. 8-1 ¶ 7). On January 11, 2021, Minleon filed a patent application ("the '401 Patent") product for what would become the basis for their V1 and V2 clips. (Doc. 8-3). However, on February 18, 2024, the U.S. Patent and Trademark

Office ("USPTO") rejected the application due to existing patents, (Doc. 8-4 at ECF 47), and Minleon ultimately abandoned the '401 Patent, (id. at ECF 73).

Russel Willaims felt the '401 Patent was an attempt to infringe on its rights, and so amended an existing patent application to incorporate some of the claims in the '401 Patent application. (Doc. 8-5 at ECF 121-26). This patent was eventually approved and became the '347 Patent. (Doc. 1-1). Shortly after being granted the patent, Russel Williams commenced this suit and contemporaneously filed a motion for a TRO.

## II.    Legal Standard

The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. Cerro Fabricated Prods. LLC v. Solanick, 300 F. Supp. 3d 632, 647 n.5 (M.D. Pa. 2018). This type of relief "is an extraordinary remedy granted in limited circumstances. Whether a plaintiff can get one depends on whether (1) he is likely to succeed on the merits, (2) he will suffer irreparable harm without preliminary relief, (3) the balance of equities favors an injunction, and (4) an injunction is in the public interest." Veterans Guardian VA Claim Consulting LLC v. Platkin, 133 F.4th 213, 218 (3d Cir. 2025) (internal citations omitted).

"The first two factors are 'gateway factors': A plaintiff must satisfy them both to be eligible for preliminary relief." Id. (quoting Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017)). "On the first factor, a likelihood of success on the merits means only a 'reasonable probability' of success—odds that are 'significantly better than negligible but not necessarily more likely than not.'" Id. (quoting Reilly,

2

858 F.3d at 176, 179). "The standard for irreparable harm is more demanding: The

plaintiff must show that it is more likely than not." Id. (citing Reilly, 858 F.3d at

179). "If both gateway factors are satisfied, the court must still weigh all four

factors before *granting* preliminary relief." Id. (citations omitted). The court must

then balance all four factors to determine, in its discretion, whether the

circumstances favor injunctive relief. Reilly, 858 F.3d at 179.

## III.    Discussion

In a patent infringement case, to establish a likelihood of success on the

merits, the moving party must show "that it will likely prove infringement, and that

it will likely withstand challenges, if any, to the validity of the patent." Titan Tire

Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1376 (Fed. Cir. 2009) (citing

Genentech, Inc. v. Novo Nordisk, A/S, 108 F.3d 1361, 1364 (Fed. Cir. 1997)). Just as

during the trial stage, issued patents come with a presumption of validity; a party

claiming an issued patent is invalid bears the burden to the invalidity by clear and

convincing evidence. Id. (citations omitted).

In this case, the '347 Patent is a validly issued patent. Thus, Minleon bears

the burden of showing by clear and convincing evidence the patent is invalid.

Minleon fails to meet this burden. First, in its attacks on the '347 Patent, Minleon

offers quotations without specific citations to where those quotations are supposed

to appear. (See Doc. 25 at 7-8). As the Seventh Circuit has eloquently put it,

"[j]udges are not like pigs, hunting for truffles buried in briefs." United States v.

Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Because the '347 Patent was issued, it is

Minleon which bears the burden to convince the court the patent was invalid.
Trying to do so when making non-specific attacks against the patent is already an
uphill battle.

Moreover, Minleon's general arguments against the validity of the '347
Patent are unpersuasive. At this stage, all Russel Williams must do is show a
likelihood of success on the merits; it does not have prove its claims to the standards
required for trial. The court finds Russel Williams has adequately shown an
unbroken chain of priority in in its patent filings. (See Doc. 27 at 4). Nor has
Minleon offered clear and convincing evidence showing anticipation, obviousness, or
inequitable conduct disturb the '347 Patent's validity in its briefing to this court. So,
Russel Williams has shown a likelihood of success on the merits.

Turning to the next gateway factor, consumer confusion, harm to reputation,
and the loss of goodwill can serve as evidence to establish irreparable harm. Tinnus
Enters., LLC v. Telebrands Corp., 846 F.3d 1190, 1207 (Fed. Cir. 2017). Russel
Willaims has submitted unrebutted evidence showing customer confusion. (See Doc.
8-1 ¶ 11). In response, Minleon purports to offer a quote from the case Abbott Lab'ys
v. Sandoz, Inc., 544 F.3d 1341 (Fed. Cir. 2008). (Doc. 25 at 11). However, not only
does Minleon's purported "quote" not appear anywhere in that case, the court was
unable to find Minleon's quote in *any* federal case. Even more damning, Minleon
offers Sandoz to stand for the proposition that lost sales and price erosion are
economic harms and not irreparable ones. In fact, Sandoz says the exact *opposite*—
"price erosion and loss of market position are evidence of irreparable harm." 544

F.3d at 1362 (citation omitted). Thus, according to case Minleon cites, Russel

Williams has shown irreparable harm.

With the gateway factors met, the court turns to the equities. Here, the court

finds the equities strongly counsel against issuing a TRO. When considering the

equities, a court "must weigh the harm to the moving party if the injunction is not

granted against the harm to the non-moving party if the injunction is granted."

Metalcraft of Mayville, Inc. v. The Toro Co., 848 F.3d 1358, 1369 (Fed. Cir. 2017)

(citing Hybritech Inc. v. Abbott Labs., 849 F.2d 1446, 1457 (Fed. Cir. 1988)).

While Russel Williams has shown a likelihood that its patent is valid, it is

also true that the USPTO has granted a reexamination of the '347 Patent.[1] This

means the USPTO has determined "that a substantial new question of patentability

affecting a[] claim of a patent [has been] raised." 35 § U.S.C. 304. It is certainly

possible that the '347 Patent will be confirmed, but there is a non-frivolous

challenge to its validity. Thus, there is a distinct possibility the court could issue an

injunction in this case preventing Minleon to sell a product on the basis of an

invalid patent.

Further, as Russel Williams made clear in its filings, the holiday lighting clip

market is very seasonal. Most clips are sold in the late summer to the fall. (See Doc.

43-1 13:9-15; Doc. 7 at 11-12). The period for the bulk of lighting clip sales has

therefore passed, greatly reducing the harm Russel Williams will face even without

---

[1] Though not part of the record, the court takes judicial notice of the reexamination order.

preliminary relief. The court acknowledges Russel Williams originally filed its motion for a TRO in July of this year. However, when the case was transferred from the District of Nebraska, the motion appeared terminated on the court's docket, which lead to a delay in adjudicating the motion. Russel Williams was not the primary cause of this delay, but that does not change the fact that the prime season for the sales of these clips has passed. The court therefore determines it would be inequitable to halt what sales remain to be made on holiday lighting clips, based on a patent that is currently being reexamined by the USPTO.

Finally, the court determines the public interest favors neither party. Increased competition, and the lower prices that come with it, are legitimate factors to consider when weighting the public interest in granting preliminary. Sanofi-Synthelabo v. Apotex, Inc., 470 F.3d 1368, 1383-84 (Fed. Cir. 2006). So too, is protecting a patent system which rewards innovation. Id. However, as mentioned above, there are legitimate attacks to the '347 Patent's validity. Moreover, Russel Willaims has not identified any significant risks or expenses it experienced in developing this patent. In other words, the court is not convinced failing to issue an injunction would have significant effects to further innovation in the holiday lighting clip arena.

Before concluding there is one last issue to address. Minleon's brief is at best sloppy and at worst, fraudulent. The court has already recounted how Minleon cited to parts of the '347 Patent without specific citation. Then, there was the fake quotation in the Sandoz case. The brief again invents a quotation from the case

6

Abbott Lab'ys v. Andrx Pharms., Inc., 452 F.3d 1331 (Fed. Cir. 2006). (Doc. 25 at 14). As with Sandoz, not only does Minleon's purported quotation not appear in Andrx, the court did not find *a single* federal case with the invented quotation. This behavior is unacceptable and counsel for Minleon will be ordered to answer for it.

## IV.    Conclusion

A TRO is extraordinary relief and while Russel Williams has shown a likelihood of success on the merits and irreparable harm, the balance of equites strongly counsel against issuing injunctive relief at this time. Therefore, the court will deny Russel Williams's motion. Additionally, the attorneys for Minleon will be ordered to show cause to explain the quality issues on their briefing.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    December 17th, 2025